Case 3:12-cv-03680-P   Document 1   Filed 09/10/12   Page 1 of 14   PageID 1

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 10 2012
CLERK, U.S. DISTRICT COURT
By_____ Deputy

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JENNIFER GRIFFIN,** | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. _____ |
| | § | |
| **RYDER TRUCK RENTAL LT,** | § | |
| **RYDER INTEGRATED LOGISTICS** | § | 3-12CV3680.-P |
| **OF TEXAS, LLC, RYDER TRUCK** | § | |
| **RENTAL, INC., LOGITRONIC, INC.,** | § | |
| **and JAMES LEE MILLER** | § | JURY TRIAL REQUESTED |
| | § | |
| DEFENDANTS. | § | |

## ORIGINAL COMPLAINT

COMES NOW Plaintiff herein Jennifer Griffin, by and through her attorney Josh Sanford of Sanford Law Firm, PLLC, and for her cause of action against Defendants Ryder Truck Rental LT; Ryder Integrated Logistics of Texas, LLC; Ryder Truck Rental, Inc.; Logitronic, Inc.; and James Lee Miller does allege and state as follows:

I.

STATEMENT OF JURISDICTION and VENUE

1. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as Plaintiff is a citizen of Arkansas; Driver-Defendant James Lee Miller was a resident of Dallas, Texas at the time of the car wreck at issue in the case herein; and Defendant Logitronic is a domestic for-profit corporation and was Defendant James Lee Miller's employer, organized under the statutes of Texas and primarily headquartered in Fort Worth, Texas, for all relevant time periods.

2. Furthermore, Defendant Logitronic, Inc. has a registered agent for service of process in Dallas, Texas, and all other corporate Defendants—Ryder Truck Rental LT; Ryder Integrated Logistics of Texas, LLC; and Ryder Truck Rental, Inc.—transact business in Dallas, Texas.

3. The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and is between citizens of different States.

4. Furthermore, venue is proper in this district pursuant to 28 USC § 1391(b) because "[a] civil action may be brought in [...] a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." *Id.*

5. Furthermore, "[i]n a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State [...]."28 USC § 1391(d)

6. Accordingly, venue and jurisdiction are proper in this Court.

II.

PARTIES TO THE CLAIM

7. Plaintiff Jennifer Griffin is now a citizen and resident of the State of Colorado; however, at the time of the accident, Ms. Griffin was a citizen and resident of the State of Arkansas. Defendants; Ryder Integrated Logistics of Texas, LLC; Ryder Truck Rental, Inc.; Logitronic, Inc.; and James Lee Miller.

8. Defendant Ryder Truck Rental LT is a foreign limited liability company (LLC) organized under the statutes of Delaware and primarily headquartered in Miami, Florida.

9. Defendant Ryder Truck Rental, Inc. is a foreign-for-profit corporation organized under the statutes of Florida and primarily headquartered in Miami, Florida.

10. Defendant Ryder Integrated Logistics of Texas, LLC is a domestic limited liability company (LLC) organized under the statutes Texas and primarily headquartered in Houston, Texas.

11. Defendant Logitronic is a domestic for-profit corporation and was Defendant James Lee Miller's employer, organized under the statutes of Texas and primarily headquartered in Fort Worth, Texas, for all relevant time periods.

12. Upon information and belief, Defendant James Lee Miller is a resident and citizen of Dallas, Dallas County, Texas.

13. This case arises out of an accident involving a Ryder-brand truck leased to Logitronic and driven by James Lee Miller on Monday, December 19, 2011 at 7:42 PM CST, on I-70 eastbound outside of Wakeeny, Kansas.

III.

STATEMENT OF FACTS

14. On Monday, December 19, 2011, at 7:42 PM, Ms. Griffin was driving eastbound on I-70 outside of Wakeeny, Kansas when the tractor-trailer in front of her—driven by Defendants' agent Mr. James Lee Miller, commercial truck driver—lost control on the icy roads and jack-knifed.

15. Ms. Griffin tried to avoid the jack-knifed truck, but could not do so in the icy conditions and collided with Defendants' semi-truck.

16. At the time of the accident, despite the late hour in the wintry season, Defendant James Miller did not have the tractor trailer's lights on.

17. Defendant Miller's careless and negligent driving on the Kansas winter roads which resulting in him jack-knifing the semi he was driving caused the wreck which is the central issue of the case herein.

18. Defendant Miller's failure to observe traffic laws and failure to alight his truck lights after dusk caused Plaintiff great bodily injury and monetary damages.

19. Defendants Ryder Inc. and Logitronic—who each respectively owned and leased the truck at issue herein—are vicariously liable for Defendant Miller's negligent driving which is the cause of Plaintiff's injuries.

20. Defendant Logitronic—who leased the truck at issue herein from Ryder—hired Defendant Miller and is liable for Defendant Miller's negligent driving which is the cause of Plaintiff's injuries under the theory of *respondeat superior*.

21. Plaintiff has sustained severe personal injuries; has experienced significant pain and suffering in the past and will continue to experience such in the future; has incurred extensive medical expenses in the past and will continue to incur such expenses in the future; lost wages; as well as other compensable incidental damages.

IV.

NEGLIGENCE OF DEFENDANT JAMES LEE MILLER

22. Plaintiff re-alleges and fully adopts and incorporates each of the allegations asserted above as if fully set forth herein.

23. At all times relevant to the Complaint, Defendant Miller owed to the general public, including Plaintiff, the duty to operate his tractor trailer in a reasonable manner, observing all applicable laws, and to not operate the truck in an unsafe or unreasonably dangerous manner.

24. Defendant breached said duty by failing to operate his tractor trailer in a safe and reasonable manner and observe all applicable laws, which resulted in his tractor trailer colliding with the motor vehicle that Plaintiff in, causing substantial injuries.

25. Specifically, the negligence of Defendant includes, but is not limited to, the following:

    a. failure to adhere to the applicable, required rules of the road;

    b. failure to keep the tractor trailer he was operating under proper control;

    c. failure to keep a proper lookout and pay proper attention;

    d. unsafe driving;

    e. careless and prohibited driving;

    f. failure to exercise ordinary care for his own safety and for the safety of others using the roadway;

    g. driving his tractor trailer at a speed greater than was reasonable and prudent under the circumstances then existing;

    h. failing to take proper evasive action to avoid a collision;

    i. driving in a reckless manner; and

    j. failure to exercise reasonable care as required by the circumstances.

26. As direct and proximate result of Defendant's conduct or failure to act as more particularly set forth above, Plaintiff suffered injuries and incurred damages as more particularly described herein.

27. At all times, Plaintiff drove her motor vehicle in a safe and lawful manner.

## V.

## NEGLIGENCE OF DEFENDANT LOGITRONIC

28. Plaintiff re-alleges and fully adopts and incorporates each of the allegations asserted above as if fully set forth herein.

29. At all times relevant to the Complaint, Defendant Miller owed to the general public, including Plaintiff, the duty to operate his tractor trailer in a reasonable manner, observing all applicable laws, and to not operate the truck in an unsafe or unreasonably dangerous manner.

30. Defendant Miller failed to operate his tractor trailer in a reasonable manner, failed to observe all applicable laws, and operated the truck in an unsafe and unreasonably dangerous manner.

31. Defendant Logitronic hired and maintained the employment of Defendant Miller, and as such is liable to Plaintiff for Defendant Miller's actions under the theory of *respondeat superior*.

32. Under *respondeat superior*, an employer may be vicariously liable for the negligent acts of its employee if the employee's actions are within the course and scope of his employment. *Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947 (Tex. 1998).

33. "[A]n employer is liable for its employee's tort only when the tortious act falls within the scope of the employee's general authority in furtherance of the employer's business and for the accomplishment of the object for which the employee was hired." *Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573, 577 (Tex. 2002) (*citing Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354, 357 (Tex. 1971)).

34. The employee's acts must be of the same general nature as the conduct authorized or incidental to the conduct authorized to be within the scope of employment. *Minyard Food Stores*, 80 S.W.3d at 577 (*citing Smith v. M Sys. Food Stores, Inc.*, 297 S.W.2d 112, 114 (Tex. 1957)).

35. In the instant case, under all the facts and law, Defendant Logitronic is liable for the tortious actions of its employee, Defendant Miller.

36. Defendant Miller's negligent operation of the company truck in the course of a company route/delivery falls within the scope of Defendant Miller's general authority in furtherance of Defendant Logitronic's business and for the accomplishment of the object for which Defendant Miller was hired.

37. Defendant Miller was not traveling on I-70 on the day of the wreck in a frolic or detour from his company, Defendant Logitronic's business, but rather was at all times engaged in the course of conduct and work specifically authorized and demanded by Defendant Logitronic; accordingly, Defendant Logitronic is liable to Plaintiff for all injuries she incurred as a result of Defendant Miller's negligence.

## VI.

## LIABILITY OF DEFENDANT RYDER TRUCK RENTAL LT

38. Plaintiff re-alleges and fully adopts and incorporates each of the allegations asserted above as if fully set forth herein.

39. At all times relevant to the Complaint, Defendant Ryder Truck Rental LT (hereafter "Ryder LT") owned the truck in question which struck Plaintiff as she travelled on I-70 outside Wakeeny, Kansas.

40. Plaintiff was struck by one of Defendant Ryder LT's trucks which was, at the time of impact, rented to lessee Defendant Logitronic.

41. Defendant Ryder LT is required by state law to carry insurance on the trucks it rents out to clients such as Defendant Logitronic, Inc.

42. Upon information and belief, Defendant Ryder LT did in fact carry liability insurance for its truck such as would be answerable for the damages done to Plaintiff.

43. First, under all the facts and law, lessor Defendant Ryder LT is liable for the tortious actions of its lessee, Defendant Logitronic with whom, upon information and belief, it may have a special subcontractor relationship such that would expose it to liability either contractually or under a theory of negligent retention and hiring.

44. Alternatively, a lessor in the normal course of business is strictly liable in tort to third parties for injuries proximately caused by defects in leased vehicles. *See, e.g., Rourke v. Garza*, 511 S.W.2d 331 (Tex. Civ. App. 1974).

45. Upon information and belief, the leased vehicle owned by Defendant Ryder LT and leased to Separate Defendant Logitronic may have been in a defective

condition when leased out to Logitronic such that Defendant Ryder LT would be liable for damages to Plaintiff.

## VII.

## LIABILITY OF DEFENDANT
## RYDER INTEGRATED LOGISTICS OF TEXAS, LLC

46. Plaintiff re-alleges and fully adopts and incorporates each of the allegations asserted above as if fully set forth herein.

47. At all times relevant to the Complaint, Defendant Ryder Integrated Logistics of Texas, LLC (hereafter "Ryder Texas") owned the truck in question which struck Plaintiff as she travelled on I-70 outside Wakeeny, Kansas.

48. Plaintiff was struck by one of Defendant Ryder Texas's trucks which was, at the time of impact, rented to lessee Defendant Logitronic.

49. Defendant Ryder Texas is required by state law to carry insurance on the trucks it rents out to clients such as Defendant Logitronic, Inc.

50. Upon information and belief, Defendant Ryder Texas did in fact carry liability insurance for its truck such as would be answerable for the damages done to Plaintiff.

51. First, under all the facts and law, lessor Defendant Ryder Texas is liable for the tortious actions of its lessee, Defendant Logitronic with whom, upon information and belief, it may have a special subcontractor relationship such that would expose it to liability either contractually or under a theory of negligent retention and hiring.

52. Alternatively, a lessor in the normal course of business is strictly liable in tort to third parties for injuries proximately caused by defects in leased vehicles. *See, e.g., Rourke v. Garza*, 511 S.W.2d 331 (Tex. Civ. App. 1974).

53. Upon information and belief, the leased vehicle owned by Defendant Ryder Texas and leased to Separate Defendant Logitronic may have been in a defective condition when leased out to Logitronic such that Defendant Ryder Texas would be liable for damages to Plaintiff.

## VIII.

### LIABILITY OF DEFENDANT RYDER TRUCK RENTAL, INC

54. Plaintiff re-alleges and fully adopts and incorporates each of the allegations asserted above as if fully set forth herein.

55. At all times relevant to the Complaint, Defendant Ryder Integrated Logistics of Texas, LLC (hereafter "Ryder Texas") owned the truck in question which struck Plaintiff as she travelled on I-70 outside Wakeeny, Kansas.

56. Plaintiff was struck by one of Defendant Ryder Texas's trucks which was, at the time of impact, rented to lessee Defendant Logitronic.

57. Defendant Ryder Texas is required by state law to carry insurance on the trucks it rents out to clients such as Defendant Logitronic, Inc.

58. Upon information and belief, Defendant Ryder Texas did in fact carry liability insurance for its truck such as would be answerable for the damages done to Plaintiff.

59. First, under all the facts and law, lessor Defendant Ryder Texas is liable for the tortious actions of its lessee, Defendant Logitronic with whom, upon information and belief, it may have a special subcontractor relationship such that would expose it to liability either contractually or under a theory of negligent retention and hiring.

60. Alternatively, a lessor in the normal course of business is strictly liable in tort to third parties for injuries proximately caused by defects in leased vehicles. *See, e.g., Rourke v. Garza*, 511 S.W.2d 331 (Tex. Civ. App. 1974).

61. Upon information and belief, the leased vehicle owned by Defendant Ryder Texas and leased to Separate Defendant Logitronic may have been in a defective condition when leased out to Logitronic such that Defendant Ryder Texas would be liable for damages to Plaintiff.

## IX.

## DAMAGES

62. Plaintiff re-alleges and fully adopts and incorporates each of the allegations asserted above as if fully set forth herein.

63. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered the following damages:

   a. past, present, and future medical expenses;

   b. past, present, and future mental anguish damages;

   c. past, present, and future pain and suffering;

   d. lost income;

   e. mileage for medical treatment;

   f. costs herein;

   g. any and all other compensatory and consequential damages to which Plaintiff is entitled.

64. At the time of the accident, Plaintiff was an able-bodied female who was gainfully employed. As a proximate result of the incident caused by Defendant's

negligence and recklessness, Plaintiff has had to miss work totaling $2,528.24 as of January 2012, has had her work earnings decreased due to the pain she experiences while trying to perform her job, and will miss work in the future for doctors' visits. As a result, Plaintiff has lost and will lose income in a sum to be determined by the evidence presented at trial.

65. Plaintiff's total compensatory damages shall be proved by the evidence presented at trial and are in excess of any minimum jurisdictional requirements of this Court.

66. Plaintiff specifically requests trial by jury of all controverted issues set forth herein, and has tendered with the filing hereof the required jury fee.

WHEREFORE, premises considered, Plaintiff Jennifer Griffin prays that Defendants Ryder Truck Rental LT; Ryder Integrated Logistics of Texas, LLC; Ryder Truck Rental, Inc.; Logitronic, Inc.; and James Lee Miller be summoned to appear and answer herein; for entry of judgment against Defendant which will fairly compensate her for all damages sustained in the automobile accident; pre- and post-judgment interest where applicable; attorney's fees; court costs; and for all other relief to which Plaintiff may be entitled.

                Respectfully submitted,

                **JENNIFER GRIFFIN,**
                **PLAINTIFF**

                SANFORD LAW FIRM, PLLC
                ONE FINANCIAL CENTER
                650 S. SHACKLEFORD STE 400
                LITTLE ROCK, AR 72211
                PHONE: (501) 221-0088
                FAX: (888) 787-2040

BY:        _____
                Josh Sanford
                Texas. Bar No. 24077858
                josh@sanfordlawfirm.com

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JENNIFER GRIFFIN

### DEFENDANTS
RYDER TRUCK RENTAL LT; RYDER INTEGRATED LOGISTICS OF TEXAS, LLC; RYDER TRUCK RENTAL, INC.; LOGITRONIC, INC.; and JAMES LEE MILLER

(b) County of Residence of First Listed Plaintiff **ARKANSAS**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **DALLAS, TEXAS**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

3-12CV3680-P

RECEIVED SEP 10 2012

ORIGINAL

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Josh Sanford, Sanford Law Firm, PLLC, 650 S Shackleford, Ste 400, Little Rock, AR 72211; (p) (501)221-0088; josh@sanfordlawfirm.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

NORTHERN DISTRICT OF TEXAS

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332(a)
Brief description of cause:
Car wreck in Kansas; Plaintiff in Arkansas; Defendants in Texas

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 09/05/2012
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____